
FILED
OCT 22 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DONNA GLANTZ, | ) | CV 09-149-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRY REN, and | ) | |
| ANDY BRINTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Donna Glantz brought this action alleging Defendants are liable under 42 U.S.C. § 1983 for unlawful arrest and use of excessive force in violation of her Fourth Amendment rights. Defendants filed a motion for summary judgment arguing they are entitled to qualifed immunity from liability. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Lynch, who issued Findings and Recommendation on September 16, 2010, recommending that the motion be granted and the case dismissed. Glantz timely objected to the

1

Findings and Recommendation on October 4, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). Despite Glantz's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Judge Lynch found Defendants are entitled to qualified immunity because their conduct did not violate a constitutional right. Judge Lynch reached this determination after applying the three-step balancing analysis laid out in Espinosa v. City and County of San Francisco, 598 F.3d 528, 537 (9th Cir. 2010). In doing so, Judge Lynch concluded the government's interest in executing a felony arrest warrant while preserving officer safety outweighed any intrusion on Glantz's Fourth Amendment rights when she was ordered out of the vehicle at gunpoint and briefly placed in handcuffs.

Glantz first objects that based on Ninth Circuit case law her Fourth Amendment rights were clearly violated when Defendants handcuffed her. In Meredith v. Erath, the Ninth Circuit held handcuffing an occupant during the execution of a search warrant for evidence, without justification under the circumstances, runs afoul of an individual's constitutional rights. 342 F.3d 1057, 1062 (9th Cir. 2003). That case, however, is distinguishable from the case at

2

hand. In Meredith, thirteen IRS agents went to a property to execute a search warrant for evidence of tax violations. The agents came upon a resident of the property who demanded to see the warrant. Rather than provide the occupant with the warrant, she was "forcibly thrown to the ground" resulting in extensive bruising, and was detained in handcuffs for several hours while the search was executed. Id. at 1060. Additionally, she was cuffed tightly causing her pain, and the cuffs were not loosened for thirty minutes. Id. After detailing these facts, the court noted the reasonableness of the detention turned, in part, "on how it is carried out." Id. at 1062 (quoting Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994) (emphasis in original)). In Glantz's case, there are no similar facts suggesting her detention was "unnecessarily painful, degrading or prolonged." Franklin, 31 F.3d at 876.

Glantz contends, however, that her handcuffed detention was not "justified by the circumstances." Meredith, 342 F.3d at 1062 (quoting Robinson v. Solano County, 278 F.3d 1007, 1014 (9th Cir. 2002)). She argues the fact that Defendants were following felony stop procedures did not justify having a gun pointed at her and being handcuffed. Glantz ignores the case law cited by Judge Lynch noting police officers have "an objective, reasonable basis to fear for [their lives] every time a motorist is stopped" and this "expectation becomes even more real when

3

the motorist or a passenger knows there are outstanding arrest warrants." <u>United States v. Holt</u>, 264 F.3d 1215, 1223 (10th Cir. 2001). The confrontational and dangerous nature of arresting Glantz's husband during a traffic stop justified Defendants' actions–including those directed toward Glantz– to secure the situation.

Glantz argues that even if the felony arrest warrant justified such a detention, that justification disappeared once Defendants' arrested her husband and knew the warrant applied to him, not her. In support, she points to her expert's opinion that because her husband was handcuffed before they called Glantz out of the vehicle "it was entirely reasonable and possible for the officers at the scene to have left the scene in a safe and controlled fashion without further interaction with Donna Glantz for whom there was no outstanding warrants or other law enforcement interest." (Dkt #40 at 6.) The objection misses the mark. Just because Glantz's expert determined it was "possible" to have left the scene without detaining Glantz is not relevant. The question was and remains did the officers have an objectively reasonable concern for their personal safety. The fact that the person named in the warrant was arrested does not negate the Defendants' concern. <u>See</u> <u>United States v. Berryhill</u>, 445 F.2d 1189, 1193 (9th Cir. 1971) ("It is inconceivable that a peace officer effecting a lawful arrest of an occupant of a

4

vehicle must expose himself to a shot in the back from defendants' associate because he cannot, on the spot, make the nice distinction between whether the other is a companion in crime or a social acquaintance.").

Glantz also reiterates her argument made before Judge Lynch that officer safety was little more than a ruse offered by Defendants to justify their otherwise unconstitutional behavior. She insists Defendants had no reason to think she was violent and she remained fully compliant throughout the stop, and notes the Defendants never searched the vehicle she was in but nonetheless allowed her to return to it unaccompanied after the handcuffs were removed. The objection is unpersuasive. As discussed above, the officers had an objectively reasonable concern for their personal safety. That concern diminished after the husband was arrested, Glantz exhibited complete cooperation, and Defendants found the situation to be sufficiently neutralized.

Finally, Glantz lists sixteen "salient facts" that she claims were either omitted from or misstated in Defendants' pleadings. This list of facts is irrelevant. Even if Defendants omitted or misstated facts, Glantz has not objected to Judge Lynch's related findings. Moreover, Glantz has failed to show how any of these facts are material.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #38) is adopted in full;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (dkt #14) is GRANTED. The Clerk of Court shall enter judgment in accordance with this Order and CLOSE the case.

Dated this 22nd day of October, 2010.

Donald W. Molloy, District Judge
United States District Court